# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ANTHONY M. WHITE,<br><br>    Defendant. | No. 07-CR-4078-LTS<br><br>**ORDER** |

This matter came before me on January 9, 2017, for detention hearing. (Doc. 289). Assistant United States Attorney Kevin Fletcher appeared on behalf of the plaintiff (the Government). Defendant Anthony M. White appeared in person and with his attorney, Zachary Hindman. The Government presented the testimony of Jake McAllister, United States Probation Officer. Defendant proffered evidence. I also considered the information contained in the Petition to Revoke Supervision (Doc. 282) and the Presentence Investigation Report (Doc 168).

With regard to detention, the defendant bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or the community. F.R.Cr.P. 32.1(a)(6). I must order defendant be detained unless I find by clear and convincing evidence that he is not likely to flee or pose a danger to another or to the community. 18 U.S.C. § 3143(a).

I do not find defendant has met his burden of showing by clear and convincing evidence that no condition or combination of conditions imposed on defendant would reasonably assure the safety of the community if he were to be released. This finding is based on: (a) the nature and circumstances of the alleged violations of supervised

release, (b) the apparent weight of the evidence at this time, including defendant's apparent admission to some of the alleged violations, (c) defendant's criminal record, which includes underlying convictions for possession of cocaine base with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime, as well as prior convictions for simple assault, eluding a police officer, possession of a controlled substance and failure to obey a police officer, possession of burglary tools, and unlawful use of a firearm, and (d) defendant's prior conduct while on supervised release.

For these reasons, I hereby **grant** the Government's motion for detention and ORDER that defendant be detained pending the final revocation hearing, as follows:

1. Defendant is remanded to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility.
2. Defendant shall be afforded reasonable opportunity for private consultation with counsel while detained.
3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.
4. Defendant may request a review of or appeal this Order, pursuant to 18 U.S.C. § 3145(b) or (c).
5. If either party seeks further review or appeals this order, the party requesting a change in the original order *must*:
    a. Attach a copy of the release/detention order to the appeal; and
    b. Promptly secure a transcript.

6. There is *no automatic stay* of this Order. Therefore, defendant must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 9th day of January, 2017.

_____
Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa